JOHN FOERTH, Respondent, v. ANTHONY F. AMICO, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

In the Matter of the Application of BENNIE ASKOVITZ and I. SEITMAN, Copartners, for an Order Directing that the Arbitration Provided for in the Certain Contract in Writing Entered into between the Petitioners, Respondents, and ELIA GABAY, Appellant, on the ——— Day of November, 1928, Proceed Pursuant to the Provisions Thereof and of the Arbitration Law.— Order, order as resettled, and judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Tompkins, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, in Trust for the Use of the Public, to the Lands, Tenements and Hereditaments Required for the Purpose of Extending the Public Beach from the Easterly Line of the Existing Public Beach to the Prolongation of the Easterly Line of Coney Island Avenue, as Laid Out upon the Map or Plan of The City of New York by Resolution Adopted by the Board of Estimate and Apportionment on June 27, 1924, in the Borough of Brooklyn, City of New York. THE CITY OF NEW YORK and Others, Appellants; REALTY ASSOCIATES, Respondent. — The decision of this court, handed down October 17, 1930, ■ is hereby amended to read as follows: Decree in so far as appealed from by the city of New York as to damage parcels 10, 12, 13, 16 and 18 reversed upon the law and the facts, with costs to said appellant against the respondent, claimant, Realty Associates. The lands for which the awards in question were made are all under the waters of the Atlantic ocean and have been for thirty and more years as the result of avulsions, and it is the opinion of this court that the undisputed evidence shows that said submerged and lost lands have not been regained or reclaimed by the claimant, respondent, or its predecessors, and that the circumstances disclosed by the proofs show an intention on the part of said owners to abandon such lands. The appeal of Cohen and others from the assessments contained in said decree for benefits is dismissed, without costs. The record shows that these property owners were given due notice of the time and place for a hearing on the tentative decree, and were not deprived of an opportunity to be heard. There was no abuse of the court's discretion in refusing these parties an adjournment. The decree, in so far as appealed from by the city of New York as to damage parcels 4 and 7, owned by the city, unanimously affirmed, without costs, for the reason that by section 3, chapter 506 of the Laws of 1918, ■ the city of New York is only authorized to acquire title to land " not owned by said city; " otherwise assessments for benefits would be unjust to other landowners. In view of the reversal of the part of the decree appealed from, the matter is remitted to the Special Term for a readjustment of the assessments. Young, Kapper, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of THE SOCIETY OF SAINT ROCCO PALO DEL COLLE ITALY, INC., Respondent. GUISEPPE COLETTO, Appellant.— Order as resettled denying motion for a peremptory or an alternative mandamus order unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.